UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSEPH J. DEL VALLE,
and other similarly-situated individuals,

    Plaintiff,

v.

SEAFOOD ON THE TABLE, INC.
D/B/A AROMAS DEL PERU,
CARLOS M. VIDAL, individually

    Defendants.
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JOSEPH J. DEL VALLE, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants SEAFOOD ON THE TABLE, INC. d/b/a AROMAS DEL PERU, and CARLOS M. VIDAL individually and alleges:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section U.S.C. §216 for jurisdictional placement).

2. Plaintiff JOSEPH J. DEL VALLE is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SEAFOOD ON THE TABLE, INC. d/b/a AROMAS DEL PERU (hereinafter AROMAS DEL PERU) is a Florida corporation, which has business in Miami-Dade County, Florida. Defendant, is and was engaged in interstate commerce.

4. The individual Defendant CARLOS M. VIDAL, was and is now, the director and/or owner of Defendant Corporation SEAFOOD ON THE TABLE, INC. D/B/A AROMAS DEL PERU.

## ALLEGATIONS COMMON TO ALL COUNTS

5. This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after May 2014, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.

6. Corporate Defendant AROMAS DEL PERU is a Peruvian restaurant located at 13823 SW 88th Street, Miami Florida 33186, where Plaintiff worked.

7. Defendants AROMAS DEL PERU and CARLOS M. VIDAL employed Plaintiff as a server from approximately 2009, through May 6, 2017. However for FLSA purposes the relevant period of employment is 57 weeks, or from May 22, 2014 to approximately June 30, 2015. After that date, Plaintiff began to receive overtime payments.

8. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid the Florida wage rate for tipped employees, or $4.91 and $5.03 plus tips.

9. While employed by Defendants Plaintiff worked in excess of 40 hours. Plaintiff worked 5 days per week from Wednesday to Fridays from 5:00 PM to 11:00 PM (6 hours); on Saturdays and Sundays, Plaintiff worked double shift from 8:00 AM to 11:00 PM (15 hours), Plaintiff did not take any lunch break and he totaled a minimum of 48 working hours every week.

10. However, Plaintiff was paid 40 regular hours or less, but he was not paid for overtime hours at any rate, not even at the minimum wage rate.

11. Therefore, Defendant AROMAS DEL PERU failed to pay Plaintiff JOSEPH J. DEL VALLE overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

12. Additionally, Plaintiff was subjected to illegal deductions. Defendant deducted $20.00 to cover broken dishes and glasses, and $10.00 for the use of a radio for the benefit of the business. Plaintiff never authorized any deduction. These deductions were made every two weeks.

13. Plaintiff JOSEPH J. DEL VALLE seeks to recover every unpaid overtime hour, liquidated damages, the reimbursement of any amount unlawfully deducted from his wages, plus any other damages as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

14. Plaintiff JOSEPH J. DEL VALLE re-adopt each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et

seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

16. Defendant AROMAS DEL PERU was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendants is a retail business operating as a Peruvian restaurant. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by ordering food products, equipment and supplies produced or originated out of state. Defendants had also more than two employees that during the operation of the restaurants, regularly and recurrently sold, handled, and worked on goods and materials that were moved previously through interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

17. Plaintiff worked as a server, and through his daily activities Plaintiff not only regularly, handled, or otherwise worked on goods and/or materials that have been moved in or produce for commerce, but he was directly engaged in interstate commerce by originating and completing credit card transactions. Therefore, there is FLSA individual coverage.

18. Defendants AROMAS DEL PERU and CARLOS M. VIDAL employed Plaintiff as a server from approximately 2009, through May 6, 2017. However, for FLSA purposes the

relevant period of employment is 57 weeks, or from May 22, 2014 to approximately June 30, 2015.  After that date, Plaintiff began to receive overtime payments.

19. Plaintiff was an hourly employee working a full-time position of more than 40 hours in a week period. Plaintiff was paid the Florida wage rate for tipped employees, or $4.91 and $5.03 plus tips.

20. While employed by Defendants Plaintiff worked in excess of 40 hours. Plaintiff worked 5 days per week from Wednesday to Fridays from 5:00 PM to 11:00 PM (6 hours each day); on Saturdays and Sundays, Plaintiff worked double shift from 8:00 AM to 11:00 PM (15 hours each day), Plaintiff did not take any lunch break and he totaled a minimum of 48 working hours every week.

21. However, Plaintiff was paid around 40 regular hours, but he was not paid for overtime hours at any rate, not even at the minimum wage rate.

22. Therefore, Defendant AROMAS DEL PERU failed to pay Plaintiff JOSEPH J. DEL VALLE overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

23. Additionally, during the relevant period, Defendant unjustly retained wages earned by Plaintiff by making unjustified and unauthorized deductions of $30.00 against his pay every two weeks.

24. These deductions covered the cost of broken dishes ($20.00) and the cost of a radio ($10.00). Both items were incidental to carrying on the business, and primarily for the benefit of the employer, in violation of 29 C.F.R. §531.3 (d) (1) and (2).

25. Plaintiff JOSEPH J. DEL VALLE did not authorize any deduction from his paycheck. Plaintiff complained about this practice, but Defendants continued making these improper deductions. Plaintiff was forced to accept these deductions as a condition to keep his job.

26. Defendant AROMAS DEL PERU did not pay Plaintiff his wages free and clear and has to reimburse Plaintiff $1,440.00 which were deducted from Plaintiff's wages as follows:

    **Calculations for illegal deductions**
    $30.00 x 38 weeks (within relevant period from January May 22, 2014 to approximately June 30, 2015= 75 weeks, bi-weekly 38 bi-weekly periods)
    $30.00 illegal deductions x 38 weeks = $1,140.00

27. Plaintiff punched in and out. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

28. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

29. Plaintiff was paid bi-weekly with checks accompanied by paystubs reflecting less than 40 hours per week.

30. Therefore, Defendant AROMAS DEL PERU failed to pay Plaintiff JOSEPH J. DEL VALLE for overtime hours at the rate of time and a half his regular rate for every hour in excess of forty in a week period, as required by the Fair Labor Standards Act, (FLSA).

31. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

32. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

> Six Thousand Five Hundred Twenty-Eight Dollars and 00/100 ($6,528.00)

    b. <u>Calculation of such wages</u>:

> Total weeks of employment: more than 8 years
> Total relevant weeks of employment: 75 weeks
> Total number of hours worked: 48 hours average weekly
> Total number of overtime hours: 8 hours
> Wage rate: $7.25 an hour x 1.5= $10.88 O/T rate
>
> $10.88 x 8 O/T hours=$87.04 weekly x 75 weeks=$6,528.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

> This amount represents the unpaid overtime.

34. At all times material hereto, the Employer/Defendant AROMAS DEL PERU failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendant AROMAS DEL PERU knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

36. At the times mentioned, individual Defendant CARLOS M. VIDAL was and is now, the owner and general manager of AROMAS DEL PERU. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor

Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of AROMAS DEL PERU in relation to the employees of AROMAS DEL PERU, including Plaintiff and others similarly situated. Defendant CARLOS M. VIDAL had operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

37. Defendants AROMAS DEL PERU and CARLOS M. VIDAL willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages, as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSEPH J. DEL VALLE and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants AROMAS DEL PERU and CARLOS M. VIDAL, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOSEPH J. DEL VALLE actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSEPH J. DEL VALLE and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: May 22, 2017

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*